EDELMIRO MARTÍNEZ RIVERA, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE EXPROPIACIONES, HON. PEDRO SANTOS BORGES, JUEZ, demandado.

*Número:* 2861   *Resuelto:* 14 de marzo de 1962

*Edelmiro Martínez Rivera,* por su propio derecho, y *Edelmiro Martínez, Jr.,* abogado del peticionario; *J. B. Fernández Badillo, Procurador General* y *Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogados del demandado.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Este recurso envuelve la aplicación de las reglas sobre descubrimiento de prueba—deposiciones, interrogatorios e inspección de documentos—a los procedimientos para la expropiación forzosa de propiedad particular. Antes de considerar la cuestión planteada es preciso establecer claramente la fuente de la cual emana la autoridad para dicha

aplicación, habida cuenta de que se trata de un procedimiento especial, con perfiles propios en el campo procesal.

El artículo 3 de nuestra ley de expropiación forzosa, Ley de 12 de marzo de 1903, 32 L.P.R.A. sec. 2914, fue enmendado por la Ley Núm. 178 de 4 de mayo de 1949 (Leyes, págs. 561, 565) para adicionarle un párrafo que lee así: "Las Reglas de Enjuiciamiento Civil serán aplicables a los casos de expropiación forzosa, con excepción de aquellas disposiciones de las reglas que sean claramente incompatibles con la Ley General de Expropiación Forzosa." [1] Un examen de los preceptos de la ley general mencionada revela que las reglas sobre descubrimiento de prueba no son incompatibles con el procedimiento marcado por dicha ley. Por otro lado, desde 1958 se incorporaron en la Regla 58 de las de Procedimiento Civil que comenzaron a regir en dicho año, 32 L.P.R.A. (Ap. 1960), págs. 169–174, disposiciones especiales para regir el procedimiento de expropiación, que son una adaptación de la Regla Federal 71 A. La Regla 58.1 expresa que "Estas reglas [las de Procedimiento Civil] gobernarán el procedimiento para la expropiación de propiedad . . . excepto en los casos dispuestos por esta Regla 58." Como el resto de dicha regla—58.2 a 58.10—no cubre

---

[1] En la única ocasión en que hemos considerado este problema, *Pueblo* v. *632 metros cuadrados de terreno*, 74 D.P.R. 961 (1953), resolvimos que las disposiciones de las reglas sobre anotación de rebeldía y sentencia en rebeldía eran claramente inconsistentes con la Ley General de Expropiación Forzosa, y que un demandado que tiene participación en la propiedad expropiada no puede considerarse en rebeldía en cuanto a la cuestión de fijación de la compensación se refiere, por el hecho de que no haya comparecido o no haya formulado contestación dentro de dicho procedimiento. Igual solución se logra bajo la vigente Regla 58.5, 32 L.P.R.A. (Supl. 1960), pág. 172, que dispone en parte que "Un demandado renunciará todas las defensas y objeciones que no fueren así presentadas, pero en la vista de la cuestión de justa compensación *hubiere o no comparecido o contestado* con anterioridad a dicha vista, podrá dicho demandado ofrecer evidencia en cuanto a la cuestión de la compensación que deba pagarse por su propiedad . . ." En general, véanse, Paul, *Condemnation Procedure Under Federal Rule 71 A*, 43 Iowa L. Rev. 231 (1958); Moore, *Federal Practice* (2a. ed.), vol. 7, pág. 2701 y ss.

la materia de descubrimiento de prueba, las disposiciones generales—Reglas 23 a 34, excluyendo la 32 referente al examen físico y mental de personas—rigen en el procedimiento de expropiación. De ahí, que para la determinación final del alcance del descubrimiento de prueba pericial en un caso de expropiación, es necesario recurrir a las opiniones que se han dictado en cuanto al testimonio e informes de los testigos expertos. Pero veamos primeramente los hechos de este caso. ■

En 16 de agosto de 1960, el Estado Libre Asociado instruyó un procedimiento de expropiación forzosa a petición del Gobierno de la Capital para adquirir ciertas propiedades a los fines de la ampliación de la Calle San Jorge, entre las cuales se encuentra una parcela de 386.47 metros cuadrados perteneciente al demandado Edelmiro Martínez Rivera, y en la cual enclava un edificio de concreto con un área aproximada de 323 pies cuadrados. El emplazamiento se expidió en 25 de noviembre. La contestación del demandado se presentó en 16 de enero de 1961, y en la misma se impugnó la suma consignada de $41,295 como una compensación justa y razonable, alegándose en contrario que el valor del inmueble es de $100,000. Diez días después, el expropiante notificó unos interrogatorios a la parte demandada.(²) Con-

(²) Se requirió la siguiente información en los interrogatorios:

"1.—Informe el demandado el nombre del tasador o tasadores que llevaron a cabo la tasación de su propiedad.

"2.—Diga el nombre y dirección de todos los testigos y peritos que piensa utilizar en este caso.

"3.—En qué basa la parte demandada la conclusión de valor que aparece en el párrafo segundo de la contestación radicada en este caso.

"4.—Cuál es el mejor uso de la propiedad expropiada en este caso y qué otros usos posibles, si alguno, fueron tomados en consideración para llegar a la conclusión de valor que aparece en la contestación.

"5.—De haber utilizado ventas similares, detállese [sic] haciéndose constar la cabida, localización, precios, personas envueltas en la transacción y documento en que se hizo con su número de inscripción.

"6.—Diga en qué forma se está compensando los servicios de peritaje, si por precio fijo o a base de por ciento.

"7.—Diga si la propiedad está ocupada, por quien, desde qué fecha, si paga canon de arrendamiento cuánto es el canon mensual."

6

juntamente con su contestación a los interrogatorios que le fueron sometidos, el demandado notificó a su vez interrogatorios(3) a la parte demandante, y entre otros, se requirió se dijera "si tiene en su poder un informe escrito de tasación de esta propiedad y en caso afirmativo una a su contestación copia fiel del mismo o exprese dónde puede ser inspeccionado o copiado." La contestación fue: "Nuestro perito nos sometió un informe de tasación escrito; No puede ser copiado ni inspeccionado. La parte demandante no viene obligada a suplir copia del informe de valoración a la parte demandada." Inmediatamente el demandado solicitó se dictara una orden para inspeccionar el informe mencionado, pero recayó resolución inmediatamente declarándola sin lugar de plano. Se solicitó reconsideración, la cual fue

_____

(3) El interrogatorio sometido por el demandado leía como sigue:

"1. Diga si el solar y la estructura expropiada al demandado se valoraron separadamente y en caso afirmativo especifique importe de cada partida.

"2. Diga el valor por metro cuadrado que se asignó al solar.

"3. Diga el valor por pie cuadrado de construcción que se asignó a la estructura.

"4. Diga cuál es el área de construcción tasada.

"5. Si la tasación se hizo a base de inspección ocular, diga quién realizó la inspección y en qué fecha.

"6. Diga si para la tasación se prepararon planos o diseños y si se hicieron especificaciones, mencionando quién las hizo y dónde pueden ser inspeccionados y copiados por el demandado.

"7. Diga los factores que el demandante tomó en consideración para llegar al valor asignado a la propiedad.

"8. Diga si tiene en su poder un informe escrito de tasación de esta propiedad y en caso afirmativo una a su contestación copia fiel del mismo o exprese dónde puede ser inspeccionado y copiado.

"9. Diga qué prueba documental va a presentar en el caso e identifíquela indicando, si se trata de documentos públicos, el número de las escrituras, fechas de las mismas, el nombre del notario ante quien se otorgaron y tomo y folio de inscripción en el Registro de la Propiedad.

"10. Diga el nombre y la dirección de los testigos y peritos tasadores que se propone utilizar en la vista del presente caso.

"11. Diga si al verificar la tasación de la propiedad del demandado se tomaron en cuenta los distintos fines a que la misma podía destinarse y exprese los fines particularmente considerados y tomados en cuenta."

declarada sin lugar mediante una extensa resolución(⁴) fundada en que: a) el propósito principal del descubrimiento de prueba es lograr información sobre hechos que permitan a la parte promovente prepararse para el acto del juicio, y los informes de los peritos contienen la opinión de éstos y no presentan hechos o datos que puedan ayudar a la preparación indicada; b) se concedería al demandado una ventaja indebida, si se considera que los honorarios del perito han sido satisfechos por la parte que intenta presentarlo el día del juicio; c) la situación es similar a la de la información que obtiene un abogado en la preparación del caso del cliente, indudablemente refiriéndose a lo resuelto en *Hickman* v. *Taylor*, 329 U.S. 495 (1947); d) podría causarse confusión y dilación, según apuntado en *Lewis* v. *United Airlines*, 32 F. Supp. 21, 33 (Pa. 1940). En 8 de mayo el demandado presentó una moción dirigida al tribunal(⁵) para que se le permitiera tomar la deposición del perito Felipe Nazario, mediante examen oral, "con el propósito de descubrir hechos", a lo cual no se accedió, porque "lo que el demandado pretende es obtener mediante deposición lo que le fue negado antes", y se reiteraron las razones expuestas en la resolución que denegó la inspección del informe. Para revisar esta actuación expedimos auto de certiorari.

La posición de este Tribunal en relación con los procedimientos de descubrimiento de prueba antes del juicio, que debe servirnos de guía para encontrar la solución adecuada cuando se trata de un caso de expropiación forzosa, fue

---

(⁴) En el ejercicio de nuestra discreción nos negamos a expedir auto de certiorari para revisar esta resolución, *Edelmiro Martínez Rivera* v. *Tribunal Superior, Sala de Expropiaciones*, cert. Núm. 2834, resuelto en 28 de abril de 1961.

(⁵) La intervención del tribunal no era necesaria en vista de que se trataba de una deposición a iniciativa de la parte demandada después de iniciado el pleito. Regla 23.1, 32 L.P.R.A. (Supl. 1960), pág. 116. En cuanto a la notificación de interrogatorios sin permiso del tribunal, véase la Regla 30, 32 L.P.R.A. (Supl. 1960), pág. 128, y cf. *Rodríguez* v. *Corte*, 67 D.P.R. 723 (1947), resuelto bajo la anterior Regla 33, 32 L.P.R.A. Ap., pág. 660.

expuesta en términos generales en *Sierra* v. *Tribunal Supe-rior*, 81 D.P.R. 554 (1959),(6) en las siguientes palabras (a la pág. 560) :

"La experiencia demuestra que un sistema liberal de des-cubrimiento de pruebas antes del juicio facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista las cuestiones y los hechos que en realidad son objeto del litigio. Como es sabido, en el procedimiento civil moderno se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes.

(6)En *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554 (1959) resolvimos que como los interrogatorios escritos a las partes antes del juicio facili-tan una pronta y justa disposición de los pleitos, no resultaban incompa-tibles con el propósito de acelerar la tramitación y resolución de los pleitos iniciados al amparo de la Ley Núm. 10 de 1917, 32 L.P.R.A. secs. 3101 y ss., que establece el procedimiento especial para las reclamaciones por servicios prestados.   El alcance de esta decisión ha sido considerablemente limitado por la sección 3 de la Ley Núm. 2 de 17 de octubre de 1961 que en parte dispone:

"En los casos que se tramiten con arreglo a esta ley se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en con-flicto con las disposiciones específicas de esta ley o con el carácter sumario del procedimiento establecido por la presente; Disponiéndose en relación con los medios de descubrimiento anteriores al juicio autorizados por las Reglas de Procedimiento Civil, que la parte querellada no podrá usarlos para obtener información que debe figurar en las constancias, nóminas, listas de jornales y demás récords que los patronos vienen obligados a conservar en virtud de las disposiciones de la Ley de Salario Mínimo y los reglamentos promulgados al amparo de la misma, excepto cual-quier declaración prestada o documento sometido por la parte querellante en cualquier acción judicial; y que ninguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales que a juicio del Tribunal jus-tifiquen la concesión de otro interrogatorio u otra deposición.   No se permitirá la toma de deposición a los testigos sin la autorización del tribunal, previa determinación de la necesidad de utilizar dicho procedi-miento.

"La información obtenida por el Secretario del Trabajo o por sus agentes debidamente autorizados en el curso de las investigaciones prac-ticadas en el ejercicio de las facultades concedidas en la Ley de Salario Mínimo y en la Ley Orgánica del Departamento del Trabajo, será de carácter privilegiado y confidencial y sólo podrá ser divulgada mediante la autorización del Secretario de Trabajo."

Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir prueba y obtener deposiciones antes del juicio. Nada sorprendente, pues, que todo asunto, hecho o cuestión pertinente al litigio se considere dentro del ámbito del descubrimiento, siempre que no se trate de una materia privilegiada."

Como sucede frecuentemente, las opiniones de los tribunales federales y de los distintos estados no señalan una solución específica para el problema del descubrimiento de prueba pericial antes del juicio. Hay cortes que lo niegan en forma absoluta fundándose en 1) que la prueba pericial es evidencia de opinión y no se refiere a hechos específicos, sujetos a descubrimiento, *Zenith Radio Corporation* v. *Radio Corporation of America*, 121 F. Supp. 792 (Del. 1954); 2) que la información o los hechos en que se basa la opinión del perito están igualmente accesibles a ambas partes, *United States* v. *48 Jars. more or less, etc.*, 23 F.R.D. 192 (1958); *United States* v. *7,534.04 Acres of Land*, 18 F.R.D. 146 (1952); 3) que resulta irrazonable para la parte que ha incurrido en una erogación para el pago de honorarios del experto, *Leding* v. *United States Rubber Co.*, 23 F.R.D. 220 (1959); y, 4) la opinión pericial forma parte del trabajo de preparación del abogado para el juicio, y por tanto, se trata de información privilegiada. Véanse, *Recent Trends in Use of Discovery: Hickman* v. *Taylor and Trends since 1947*, 16 N.A.C.A. L.J. 412–415 (1955).[7] Otros tribunales no han seguido una norma inflexible y estricta, y han permitido, bajo determinadas circunstancias, el descubrimiento de prueba pericial en alguna de las formas autori-

---

[7] Mientras se encontraba pendiente el caso *Hickman* ante el Tribunal Supremo de Estados Unidos, el Comité Consultivo de las Reglas de Procedimiento Civil sometió una enmienda que específicamente protegía de descubrimiento cualquier escrito que contuviera las conclusiones de un perito. A pesar de que dicho Tribunal adoptó todas las demás enmiendas sugeridas por el Comité, ésta no fue aprobada. Moore, *op. cit.*, vol. 4 págs. 2006–2007.

zadas por las reglas.   En general, se ha dicho que debe considerarse si el descubrimiento intentado sirve sustancialmente el fin de esclarecer los hechos o limitar las cuestiones en controversia, *United States* v. *Renault, Inc.*, 27 F.R.D. 23, 29 (1960) ; *American Oil Co.* v. *Pennsylvania Petroleum Products Co.*, 23 F.R.D. 680 (1959) ; que debe demostrarse la existencia de "justa causa", *United Air Lines, Inc.* v. *United States*, 26 F.R.D. 213 (1960) o de una necesidad especial, *E. I. DuPont De Nemours & Co.* v. *Phillips Petroleum Co.*, 24 F.R.D. 416 (1959), o que la negativa a permitirlo causará perjuicios indebidos, *Safeway Stores, Inc.* v. *Reynolds*, 176 F.2d 476 (1949).   En general, véanse, Moore, *op. cit.*, vol. 4, Sec. 26.24, págs. 1152–1159; Barron y Holtzoff, *Federal Practice and Procedure*, vol. 2A, Sec. 652.5, págs. 153–159; *Cyclopedia of Federal Procedure*, (3a. ed.) vol. 7, Secs. 25.347 y 25.456, págs. 378 y 464; Nissen, *Should Experts' Reports be Exempt From or Subject to Discovery?*, U. Ill. L.F., 1959, pág. 860; 48 Geo. L.J. 486 y ss. (1959) ; 7 Van. L. Rev. 582 (1954) ; 50 Cal. L. Rev. 1026, 1035 y ss. (1950) ; 70 A.L.R.2d 780 (1960).   Específicamente, el asunto se ha considerado en los siguientes casos de expropiación: *Shell* v. *State Road Department*, 135 So.2d 859 (Flo. 1961) ; *United States* v. *62.50 Acres of Land, etc.*, 23 F.R.D. 287 (1959) ; *United States* v. *6.82 Acres, etc.*, 18 F.R.D. 195 (1955) ; *United States* v. *7,534.04 Acres of Land*, 18 F.R.D. 146 (1955) ; *United States* v. *Certain Acres, etc.*, 18 F.R.D. 98 (1955) ; *Hickey* v. *United States*, 18 F.R.D. 88 (1955) ; *United States* v. *Certain Parcels, etc.*, 15 F.R.D. 224 (1954) ; *United States* v. *50.34 Acres of Land*, 13 F.R.D. 19 (1952).   ▮

Para poder formular nuestra regla sobre el particular debemos partir de la premisa básica de que el gobierno debe ser tratado como cualquier otro litigante en la aplicación de las reglas de descubrimiento, *United States* v. *Procter and Gamble Co.*, 356 U.S. 677, 681 (1958) ; *United States*

v. *Carter Products, Inc.*, 27 F.R.D. 243 (1961); *Shenker* v. *United States*, 25 F.R.D. 96 (1960); *Government Immunity from Discovery*, 50 Yale L.J. 1451 (1950). Según hemos indicado precedentemente el procedimiento de expropiación forzosa participa de una naturaleza especial. Entre otras cosas, aunque el Estado inicia el pleito, el peso de la prueba para establecer la justa compensación corresponde al demandado, *Pueblo* v. *García*, 66 D.P.R. 504 (1946), que es llevado al litigio involuntariamente y que, por tanto, no tiene preparación previa para enfrentarse a las alegaciones del caso. Es innegable que el resultado de estos pleitos, en lo que se refiere a la fijación de la compensación final, depende en gran parte del testimonio pericial, lo que hace necesario que las partes estén apercibidas del mismo con suficiente anticipación para poder preparar un contrainterrogatorio adecuado y limitado a los puntos específicos en controversia, propiciando así un trámite más rápido y más económico. Además, no puede ignorarse que no se trata de un testigo corriente, sino de una persona que, por la naturaleza especializada de sus conocimientos, está en una posición ventajosa. El análisis y el estudio del testimonio de un perito requiere tiempo y esfuerzo, y difícilmente puede cumplirse esa obligación profesional cuando es necesario esperar hasta el acto mismo del juicio para conocer en detalle el contenido de la opinión pericial. No puede dejarse al azar de la improvisación la misión de impugnar esta clase de testimonio. Tampoco debe olvidarse que esta limitación no existe en cuanto a los testigos de los hechos, cuya declaración no está ordinariamente rodeada del peso que se reconoce al conocimiento superior de los expertos. Otro factor que merece peso es la probabilidad de que una regla que no excluya automáticamente el descubrimiento de prueba pericial contribuya a desarrollar una visión más objetiva en el perito y elimine en gran parte el espíritu de solidaridad y devoción a la causa del cliente. Aunque reconocemos que

puede resultar en alguna forma irrazonable para el Estado que ha pagado los honorarios del experto, no debe perderse de vista que se trata de un litigante que tiene mejores facilidades de investigación y más recursos económicos, y que, de todas formas, el estimado inicial es siempre indispensable para poder iniciar el pleito. Cfr. *Shell* v. *State Road Department*, 135 So.2d 859 (Fla. 1961). Finalmente, no hay duda de que la interpretación restrictiva en algunas jurisdicciones federales obedece a que la regla se desarrolló en relación con pleitos sobre infracción de patentes, marcas de fábrica, secretos comerciales y se trasplantó a los procedimientos de expropiación forzosa, pero localmente no anticipamos que una posición más favorable a un descubrimiento amplio pueda engendrar problemas, pues nuestra litigación en tales materias es muy limitada, o prácticamente ninguna, con la posible excepción de pleitos sobre marcas de fábrica. ■■■■

Ahora bien, el hecho de que adoptemos la norma que permite el descubrimiento de prueba pericial en casos de expropiación forzosa([8]) no indica que el derecho de los litigantes sea ilimitado. En adición a los reparos que se permiten cuando se trata de un testigo de los hechos,([9]) deseamos advertir que en forma alguna el procedimiento puede utilizarse para investigar el proceso mental empleado por el perito en su evaluación de los distintos factores considerados para arribar a su opinión y conclusiones sobre la justa compensación, ni el peso que ha atribuido específicamente a cada factor. Tampoco debe permitirse que se aproveche el acto de la toma de deposición para formular al perito preguntas hipotéticas sobre las cuales no haya prueba o en relación con las cuales no se le ha concedido suficiente tiempo para prepararse. Cfr. *Beirne* v. *Fitch Sanitarium*, 20

---

([8]) Esta posición es cónsona con las Reglas 405 a 408 del *proyecto* de Reglas de Evidencia.

([9]) Véanse las Reglas 27.2, 32 L.P.R.A. (Ap. 1960), pág. 122, y 30 *in fine*, 32 L.P.R.A. (Ap. 1960), pág. 128.

F.R.D. 93 (1957). En términos generales, la investigación puede abarcar los siguientes extremos: método utilizado para la valoración: su valor en el mercado, capitalización de rentas, costo de reproducción o alguno otro aceptable bajo las circunstancias del caso; características de la propiedad expropiada que se han considerado; relación de los factores de valoración empleados; en el supuesto de que se hayan considerado ventas de propiedad similar, un detalle de éstas y la referencia al instrumento público en virtud del cual se formalizó la transacción y cualquier otro dato en relación con la misma; planos, informes y otros documentos utilizados en relación con la tasación; y calificaciones del perito. También el tribunal puede imponer las condiciones que estime justas y razonables para proteger debidamente a las partes. La parte que requiera el descubrimiento deberá a su vez poner su informe pericial a la disposición de la otra parte, o si no dispusiere de los servicios de un perito en el momento, se le ordenará que lo informe a la otra parte con suficiente anticipación al juicio para que, si ésta lo desea, pueda solicitar la inspección de cualquier informe rendido o proceda a tomar su deposición. El tribunal, dentro de su facultad de evitar opresión o molestias a las partes, puede limitar el número de interrogatorios, y si se ha permitido la inspección o copia del informe del perito, también puede—en ausencia de justa causa—suspender la toma de su deposición. Por supuesto que el ámbito del descubrimiento depende de los hechos de cada caso en particular, *Frank C. Sparks Co.* v. *Huber Baking Co.*, 114 A.2d 657 (Del. 1955), y en lo que no se ha previsto en esta opinión, debe dejarse a la informada discreción del tribunal de instancia que debe guiarse por el propósito tantas veces mencionado de lograr la celebración de un juicio justo, rápido y económico, sin ventajas para ninguna de las partes. Debe recordarse que la fijación de la justa compensación requiere una hábil sincronización de varios factores, y en

último análisis, un sano ajuste entre el derecho de los propietarios y las necesidades de la comunidad. *Estado Libre Asociado* v. *Fonalledas Córdova*, 84 D.P.R. 573 (1962).

Hemos examinado los interrogatorios que se notificaron las partes en el presente procedimiento, y que aparecen copiados en los escolios 2 y 3, ante. La contestación franca y sin evasivas de los mismos[10] contribuiría a limitar la controversia y a proporcionar a los litigantes información necesaria para una adecuada preparación para el acto del juicio. Si se hubiese autorizado al demandado a copiar o inspeccionar el informe escrito del perito tasador empleado por el expropiante, con las limitaciones a que hemos hecho referencia precedentemente, la deposición de dicho perito hubiese sido innecesaria. *Ante la negativa del tribunal de instancia a permitirlo, nos vemos obligados a anular la resolución de 7 de junio de 1961, y a devolver el caso para ulteriores procedimientos no inconsistentes con las normas expuestas en esta opinión.*

---

([10]) La contestación del demandado a los interrogatorios de la parte demandante revela que en cuanto a prueba pericial "determinaría su necesidad al tiempo del juicio". En consonancia con lo que hemos sugerido para un descubrimiento ordenado e igual entre las partes, el tribunal deberá adoptar las medidas necesarias para que el Estado pueda, con suficiente anticipación y si así lo interesa, examinar el informe o tomar la deposición del perito que intente utilizar el demandado.