GENOVEVA RIVERA CARDONA ET AL., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN (EXPROPIACIONES) ET AL., demandado.

*Número:* O-70-70      *Resuelto:* 30 de junio de 1970

*Luis A. Archilla Laugier,* abogado de los peticionarios; *Gilberto Gierbolini, Procurador General, Peter Ortiz* y *Ruth Tentori de Lebrón Velázquez, Procuradores Generales Auxiliares,* abogados del interventor, Estado Libre Asociado.

PER CURIAM: Mediante la expedición de auto de *certiorari* accedimos revisar las resoluciones de la Sala de Expropiaciones del Tribunal Superior denegando la solicitud de la recurrente formulada como medida de descubrimiento de prueba, dirigida a obtener copia de un informe relacionado con la valoración de la propiedad objeto de expropiación por el Estado Libre Asociado en este caso. El Tribunal a quo, en reconsideración, condicionó su negativa disponiendo el intercambio simultáneo de los informes entre las partes "tan pronto dicho demandado tenga preparado por escrito su informe de tasación", luego de ser advertido por la recurrente que "al presente no tenía un informe pericial sobre valoración, pero se comprometía a suministrar copia del mismo con suficiente antelación a la vista del caso."

El Tribunal Superior respaldó así la posición del Estado, según aparece ésta resumida en la siguiente objeción suya a unos interrogatorios escritos del recurrente:

"Se objeta entrega del informe de valoración. Se podrá intercambiar con el de la otra parte si así se solicita."

A pesar de su oferta en el incidente de reconsideración ante el Tribunal Superior, la recurrente, ante nos, evidentemente ostenta el criterio que tiene derecho a examinar el informe del Estado sin ulterior condición. El Estado, en

cambio, asume la posición de que puede condicionar la entrega a un intercambio de informes simultáneo.

Como se podrá observar, las partes están hoy aun más distantes en sus posiciones de la que se encontraban ante el tribunal de instancia. Sólo coinciden en la autoridad de *Martínez Rivera* v. *Tribunal Superior*, 85 D.P.R. 1 (1962), como apoyo de sus respectivos criterios.

El efecto elocuentemente persuasivo hacia la solución de esta controversia procesal lo encontramos en la opinión del ex Juez Asociado Señor Blanco Lugo en el caso de *Martínez Rivera* v. *Tribunal Superior*, supra. Aunque dicho caso planteaba la cuestión de si el demandado podía tomarle una deposición mediante examen oral al perito del Estado, la opinión no se detuvo ahí, sino que se enfrentó vigorosamente a la difícil tarea de sentar las normas y principios que deben servir de guía a los tribunales de instancia y a las partes en todo el campo de descubrimiento de prueba en la litigación sobre expropiaciones con el debido destaque y reconocimiento a la deferencia que merece la informada discreción de los jueces de instancia en su misión ". . . de lograr la celebración de un juicio justo, rápido y económico, sin ventajas para ninguna de las partes." *Martínez Rivera*, supra, pág. 13. En cuanto a la cuestión que aquí se plantea se dijo allí:

". . . La parte que requiera el descubrimiento deberá a su vez poner su informe pericial a la disposición de la otra parte, o si no dispusiere de los servicios de un perito en el momento, se le ordenará, que lo informe a la otra parte con suficiente anticipación al juicio para que, si ésta lo desea, pueda solicitar la inspección de cualquier informe rendido o proceda a tomar su deposición."

Se desprende de la oración transcrita que la obligación de proveer informes es recíproca pero no necesariamente simultánea. Realmente no logramos comprender el argumento del Estado de que la entrega previa de su informe crearía

una ventaja para la parte expropiada. Es cierto que la parte expropiada, en su compás de espera, conocerá las armas de su oponente, descubrirá el fruto de aquella investigación del perito que habrá de utilizarse en su contra para luego contratar uno que refute el testimonio del perito del Estado. Pero si le diéramos respaldo a una norma de espera por ambas partes al informe de la otra, probablemente resultaría en una preparación de última hora, posiblemente inadecuada, para el juicio. Es posible argüir que el intercambio simultáneo es el medio que tiene el Estado para asegurarse de que habrá de recibir un informe de la otra parte. No debemos olvidar, sin embargo, que el tribunal tiene facultad para imponer sanciones a una parte que injustificadamente se niega u omite descubrir pruebas. Véase *Hartman* v. *Tribunal Superior*, 98 D.P.R. 124 (1969).

A la luz de lo anterior, procede que el Estado provea copia u ofrezca una oportunidad para examinar y copiar el informe de valoración preparado por su perito o peritos.

*Se anulará la resolución recurrida, y se devolverá el caso a la sala de instancia para que allí continúen los procedimientos.*

Los Jueces Asociados Señores Santana Becerra y Rigau no intervinieron.