ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| AUTORIDAD DE CARRETERAS Y TRANSPORTACIÓN DE PUERTO RICO<br><br>Peticionaria<br><br><br>V.<br><br>MAPFRE PRAICO INSURANCE COMPANY, et. al.<br><br>Recurrido | KLCE202300043 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2019CV09747<br><br>Sobre: Acción Civil, Incumplimiento Contractual, Daños y Perjuicios |

Panel integrado por su presidente el Juez Figueroa Cabán, la Juez Brignoni Mártir y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 28 de abril de 2023.

La Autoridad de Carreteras y Transportación de Puerto Rico (Autoridad de Carreteras o Apelada) presentó un recurso de *Certiorari* en el que nos solicita que revisemos la Resolución que emitió el Tribunal de Primera Instancia, Sala de San Juan, el 9 de noviembre de 2022, notificada al siguiente día. Mediante el referido dictamen el tribunal primario declaró *No Ha Lugar* la *Moción fijando posición en cuanto a perito presentado en contravención a lo ordenado,* presentada por la Autoridad de Carreteras. Consecuentemente, el foro primario le permitió a Mapfre Praico Insurance Company a presentar a Bryan Tilden como perito.

Por las razones que expondremos, expedimos el auto de *Certiorari* a los fines de modificar la resolución recurrida.

Número Identificador

SEN2023 _____

**I.**

El 28 de septiembre de 2016 Mapfre emitió la póliza de seguros CBP-008665296 a favor de la Autoridad de Carreteras por la cantidad de $47,934,332.00.

El 18 de septiembre de 2019, la Autoridad de Carreteras demandó a Mapfre, y otros, por incumplimiento contractual y daños y perjuicios. Entre sus alegaciones expuso que, por el paso del huracán María por Puerto Rico el 20 de septiembre de 2017, la Autoridad de Carreteras sufrió daños y pérdidas en sus propiedades, que la llevaron a presentar una reclamación por los daños preliminares ante Mapfre el 6 de octubre de 2017.

En la segunda causa, la Autoridad de Carreteras solicitó al Tribunal que emitiera una sentencia declaratoria, a los fines de determinar que los puentes, carreteras, aceras, patios, marquesinas, toldos, la propiedad exterior y todas las propiedades de la Autoridad de Carreteras dentro de la jurisdicción del Gobierno de Puerto Rico, que sufrieron daños a causa del Huracán María, estaban cubiertas bajo la Póliza emitida, según los términos de ésta y el *Special Conditions Endorsement*; y que esta cubierta no se limitaba a las 52 propiedades enumeradas en el Endoso A de la Póliza en cuestión.

El 24 de octubre de 2019, Mapfre Contestó la Demanda. Entre otras cosas, afirmó que la cubierta de la Póliza estaba limitada a la lista de las 52 propiedades que contiene el Endoso A y que el *Special Conditions Endorsement* (en adelante, SCE) no aumentaba los límites de la Póliza, ni alteraba las propiedades identificadas en el Endoso A.

Entre otras defensas afirmativas, Mapfre expuso que antes de entablar la demanda, la Autoridad de Carreteras no presentó, ante la Oficina del Comisionado de Seguros, el formulario de

notificación que requiere el Artículo 27.164 del Código de Seguros de Puerto Rico. Por ello, aseguró que la Autoridad de Carreteras se encontraba impedida de presentar una causa de acción bajo el referido artículo. También, sostuvo que la Autoridad de Carreteras realizó una falsa representación al reportar valores irreales sobre las propiedades aseguradas. Según alegó, esta actuación le daba el derecho a anular la Póliza.

Tras varios asuntos procesales, el 11 de junio de 2021, la Autoridad de Carreteras presentó una *Moción para que se le Ordene a la Demandada el Pago Inmediato de las Sumas sobre las cuales No Existe Controversia*. Aseguró que la Autoridad de Carreteras aceptó como pago parcial de sus daños la oferta que hizo Mapfre el 27 de agosto de 2019, por la cantidad de $3,307,259.17, como compensación por los daños sufridos en las propiedades de la Autoridad de Carreteras, pero Mapfre se negó a pagar.

El 21 de junio de 2021, Mapfre se opuso a la solicitud de la Autoridad de Carreteras. Adujo que, para emitir el pago parcial, ambas partes debían estar de acuerdo sobre el monto a pagarse, según los términos y condiciones de la Póliza. También, argumentó que en el caso existe un **posible** fraude o falsa representación sobre el reclamo de la Autoridad de Carreteras referente a los puentes que ésta entiende están cubiertos por la Póliza en controversia. Ante ello, expuso, que procede se culmine con el descubrimiento de prueba, pues si se demuestra que la Autoridad de Carreteras cometió fraude o hizo una falsa representación conllevaría la denegación total de la reclamación.

Entretanto, el 30 de junio de 2021, un hermano panel de este foro, en la causa KLCE202100414, dictó una Sentencia en la cual decretó que el efecto del Endoso de Condiciones Especiales

o *Special Conditions Endorsement*, (SCE) era el de reemplazar los términos y condiciones contradictorios a los contenidos en la póliza. Acto seguido, determinó que las propiedades a la cuales la póliza extiende su cubierta no se limitan a las cincuenta y cuatro (54) contenidas en el *Schedule A*. Por lo cual, según planteado por la Autoridad de Carreteras en la *Demanda,* dictó *Sentencia Declaratoria* a favor de la Autoridad de Carreteras.[1]

El 20 de abril de 2022 las partes presentaron una *Moción Conjunta sobre extensión del término para culminar el descubrimiento de prueba y transferencia de vista de conferencia con antelación al juicio*. En esta le solicitaron al foro primario extender el descubrimiento hasta el 31 de julio de 2022.[2] El 21 de abril de 2022 el TPI accedió al pedido de las partes y transfirió la conferencia con antelación al juicio para el 9 de septiembre de 2022.[3]

En cuanto a la controversia sobre el pago parcial de la reclamación, el 27 de abril de 2022 el TPI dictó *Sentencia Parcial* en la cual le ordenó a Mapfre emitir el pago parcial por $3,307,259.17 a favor de la Autoridad de Carreteras. Luego de solicitar reconsideración el 17 de mayo de 2017, y esta ser denegada el 9 de junio de 2022, Mapfre presentó un recurso de apelación a nuestro foro, asignado al alfanumérico KLAN202200549.

A su vez, el 17 de mayo de 2022, Mapfre había incoado una *Solicitud de Autorización para Enmendar la Contestación a Demanda y Presentar Reconvención por Falsas Representaciones*.

---

[1] Tomamos conocimiento judicial de la causa KLCE202100414.
[2] Recurso de MAPFRE, Apéndice pág. 39.
[3] Recurso de MAPFRE, Apéndice pág. 45.

El 7 de junio de 2022, la Autoridad de Carreteras se opuso. El 3 de agosto de 2022, el TPI declaró *No Ha Lugar* la *Solicitud de Autorización para Enmendar la Contestación a Demanda y Presentar Reconvención por Falsas Representaciones* que sometió Mapfre. Insatisfecho, el 19 de agosto de 2022, Mapfre presentó una Petición de *Certiorari* asignada al KLCE202200917. Las causas KLAN202200549 y KLCE202200917 fueron consolidadas.

Mientras el caso seguía su curso, el 16 de junio de 2022 Mapfre le envió una carta a los abogados de la Autoridad de Carreteras en la que informó que el Sr. Bryan Tilden sería el perito de seguros en torno al proceso de suscripción, análisis de riesgo y de cubierta de la Póliza Núm. CBP-008665296. En la misiva explicaron que "el Sr. Tilden estará testificando generalmente en torno al proceso de suscripción y análisis de riesgo de una póliza como la expedida en el caso de epígrafe, así como sus conclusiones en torno a la falsa representación realizada por la ACT /o AON en las negociaciones de la Póliza, y la aplicación del coaseguro sobre las propiedades no identificadas en el Endoso A de la Póliza".[4]

Sobre este particular, el 29 de agosto de 2022 la *Autoridad de Carreteras presentó una Moción fijando su posición en cuanto a perito presentado en contravención a lo ordenado*. En esta se opuso a que el demandado presentara la prueba pericial por ser la solicitud a destiempo. A su vez, indicó que, en la vista del 24 de agosto de 2020, el foro primario le ordenó a Mapfre que tendría un término de veinte días, para informar si utilizaría un perito, y Mapfre nunca lo hizo.[5]

---

[4] Anejo 3 de SUMAC, entrada 202.
[5] Recurso de MAPFRE, Apéndice págs. 46-53.

El 14 de septiembre de 2022 Mapfre presentó una *Oposición a "Moción Fijando Posición en Cuanto a Perito Presentado en Contravención de lo Ordenado"*.[6] Adujo, en síntesis, que como el descubrimiento de prueba estaba en pleno vigor, y habiéndose resuelto la controversia del *Special Conditions Endorsement*, el 16 de junio de 2022, le notificó a la Autoridad de Carreteras, una carta anunciado al Sr. Bryan Tilden como perito. Indicó, además que notificó el informe pericial y *Curriculum Vitae* del perito.[7]

El 4 de octubre de 2022 la Autoridad de Carreteras presentó una Réplica a "Oposición a Moción Fijando Posición en Cuanto a Perito…". Manifestó que se oponía a la presentación de un perito para cuestionar la suscripción y la validez de la póliza por tratarse de un asunto ya resuelto en la sentencia de este Tribunal de Apelaciones en la causa KLCE202100414, por tanto, era cosa juzgada[8].

Mientras transcurría la controversia en cuanto al perito, el 9 de noviembre de 2022, notificada el 10 de noviembre, emitimos una sentencia en las causas consolidadas KLAN202200549 con KLC3202200917. En esta confirmamos el dictamen del TPI mediante el cual le ordenó a Mapfre a realizar el pago de $3,307,259.17. En cuanto al auto de *certiorari* para revisar si incidió el foro primario al denegar la petición de Mapfre para enmendar la contestación a la demanda y para presentar una nueva reconvención, este foro declinó expedir el recurso instado.

Entretanto, el 9 de noviembre de 2022, notificada el siguiente día, el foro primario emitió una *Resolución* en la cual

---

[6] Recurso de MAPFRE, Apéndice págs. 54-60.
[7] Recurso de MAPFRE, Apéndice pág. 58.
[8] Recurso de MAPFRE, Apéndice págs. 96-103.

permitió que Mapfre utilizara como perito a Bryan Tilden. Para ello, el foro primario razonó lo siguiente:

> En el caso ante nos, no procede la solicitud de la Autoridad de Carreteras para que se le deniegue a Mapfre la utilización del perito, Bryan Tilden. El 20 de abril de 2022, las partes presentaron una moción conjunta, mediante la cual solicitaron a este Tribunal hasta el 31 de julio de 2022, para finalizar el descubrimiento de prueba. Consecuentemente, el 21 de abril de 2022, este Tribunal emitió una Orden, mediante la cual se concedió la extensión del descubrimiento de prueba.
>
> Así las cosas, el 16 de junio de 2022, Mapfre notificó a la Autoridad de Carreteras que estaría utilizando al perito, Bryan Tilden. Además, notificó el Informe Pericial, su Curriculum Vitae y su información de contacto. Por lo cual, no habiendo culminado el descubrimiento de prueba para la fecha en que se notificó que se estaría utilizando el perito, no procede denegar y/o prohibir su utilización. La Autoridad de Carreteras tuvo tiempo suficiente para objetar su designación antes de que culminara el descubrimiento de prueba y no lo hizo.

El 28 de noviembre la Autoridad de Carreteras solicitó reconsideración y el 16 de diciembre Mapfre se opuso.[9] El 16 de diciembre de 2022 el foro primario denegó la moción de reconsideración.[10] Aun en desacuerdo, la Autoridad de Carreteras instó el recurso de *Certiorari* que atendemos en el que alega que incidió el foro primario al:

> **Primero**: Al declarar no ha lugar la solicitud de reconvención de la parte demandante aquí peticionaria.
>
> **Segundo**: Al permitir la presentación del perito de la parte demandada a destiempo y contrario a la orden de este Tribunal del 3 de agosto de 2022; así como la determinación del foro de instancia del 24 de agosto de 2022.

Evaluado el recurso, le concedimos término a la parte recurrida Mapfre para presentar su posición en torno al recurso y

---

[9] Recurso de MAPFRE, Apéndice págs. 104-125; Recurso de la Autoridad de Carreteras, Apéndice págs. 1-5.
[10] Recurso de MAPFRE, Apéndice pág. 126.

así lo hizo. Adujo que el recurso de la Autoridad de Carreteras estaba plagado de incongruencias y el apéndice estaba incompleto al no incluir las mociones presentadas por las partes que formaron parte del análisis de la Resolución del TPI. Con el beneficio de ambos escritos, disponemos.

**II.**

**A.**

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, *supra*, establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales, (2) asuntos relativos a privilegios evidenciarios, (3) anotaciones de rebeldía, (4) casos de relaciones de familia, (5) asuntos de interés público y (6) situaciones en las que esperar a la apelación constituiría un fracaso irremediable a la justicia.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso Certiorari, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de Certiorari. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los tribunales de primera instancia gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. Vives Vázquez v. E.L.A., 142 DPR 117, 141 (1996).  Cónsono a ello, el Tribunal Supremo ha expresado que "los foros apelativos no deben pretender administrar ni manejar el trámite regular de los casos ante el foro primario". SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414

(2013). Ello es así, pues los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000).

**B.**

En cuanto al descubrimiento de pruebas, es una cuestión de gran arraigo en nuestro ordenamiento jurídico que este es amplio y liberal. McNeil Healthcare v. Mun. Las Piedras I, *supra*;Casasnovas et al. v. UBS Financial et al.,198 DPR 1040, 1054 (2017); Ponce Adv. Med. v. Santiago González et al., 197 DPR 891, 898 (2017). De igual forma, se ha indicado que el esquema adoptado por nuestras reglas deja en manos de los abogados el trámite del descubrimiento, para así fomentar una mayor flexibilidad y minimizar la intervención de los tribunales en esta etapa procesal. Rivera y otros v. Bco. Popular, 152 DPR 140, 153 (2000); Aponte v. Sears Roebuck de P.R., Inc., 129 DPR 1042 (1992). No obstante, el descubrimiento de pruebas no es ilimitado. Alfonso Brú v. Trane Export, Inc., 155 DPR 158, 167 (2001). Los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Rivera y otros v. Bco. Popular, *supra*, pág. 154; Martínez Rivera v. Tribunal Superior, 85 DPR 1, 13 (1962).

En tales circunstancias, no hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Rivera y otros v. Bco. Popular, *supra*, pág.

154. El adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. SLG Zapata-Rivera v. J.F. Montalvo, *supra*; Rivera Durán v. Banco Popular, *supra*, pág. 155.

## C.

Relacionado a la presentación de prueba pericial, las Reglas de Evidencia, 32 LPRA Ap. VI, R. 702, disponen, en lo pertinente, que "[c]uando conocimiento científico, técnico o especializado sea de ayuda para la juzgadora o el juzgador poder entender la prueba o determinar un hecho en controversia, una persona testigo capacitada como perita—conforme a la Regla 703—podrá testificar en forma de opiniones o de otra manera".    Se considera perito a aquella "persona que, a través de la educación o experiencia, ha desarrollado un conocimiento o destreza sobre una materia de manera que puede formar una opinión que sirva de ayuda al juzgador". McNeil Healthcare v. Mun. Las Piedras I, *supra*, que cita a SLG Font-Bardón v. Mini-Warehouse, 179 DPR 322, 338 (2010).

Cabe precisar que el juzgador de hechos no está obligado a aceptar las conclusiones de un perito, y tiene facultad de rechazarlo, cuando, luego de evaluar su testimonio, concluye que este no le merece credibilidad. SLG Font Bardón v. Mini Warehouse, *supra*, pág. 346.

## III.

En su recurso la Autoridad de Carreteras aduce que, "lejos de fungir como un perito para atender las controversias de valores de las propiedades, que es lo único pendiente por resolver, MAPFRE trae al perito para hacer un ataque colateral de las sentencias emitidas en el caso".   Agregó que ello implica asuntos

que ya están resueltos y para lo que no se puede permitir peritaje en esta etapa avanzada de los procedimientos.[11]

Mapfre, por su parte, indicó que el señor Tilden fue nombrado perito con el fin de que emitiera una opinión en torno al proceso de suscripción y análisis de riesgo de una póliza de seguro, las falsas representaciones de la Autoridad de Carreteras en las negociaciones de la póliza y la aplicación del coaseguro. Adujo que este testimonio es pertinente y relevante a las alegaciones de la Autoridad de Carreteras y las defensas afirmativas levantadas por Mapfre. Agregó que la controversia ante la consideración del TPI, y sobre la cual se estará presentando prueba testifical, evidenciaria y pericial en el juicio en su fondo -reclamación de las propiedades objeto del *Special Condition Endorsement*- está relacionada con el testimonio que brindará el señor Tilden. Sostuvo, a su vez, que le avisó a la Autoridad de Carreteras sobre el nombramiento del señor Tilden, dos meses antes del vencimiento del descubrimiento de pruebas, y la agencia no objetó referido nombramiento. Evaluamos.

De acuerdo con los hechos que informa esta causa, el descubrimiento de pruebas quedó extendido hasta el 31 de julio de 2022, a petición de las partes. Dentro de ese término, mediante comunicación de 16 de junio de 2022, Mapfre le notificó a la Autoridad de Carreteras que estaría utilizando al perito Bryan Tilden. Junto a ello incluyó el informe pericial y el *curriculum vitae*. Como el descubrimiento de pruebas no había culminado, ni la Autoridad de Carreteras objetó la designación del perito, el foro primario permitió que Mapfre utilizara al perito.

---

[11] Recurso de *Certiorari*, pág. 12.

Evaluados los hechos que informa esta causa, junto a los documentos unidos al expediente, la decisión del foro primario de permitir la presentación del perito resulta razonable. Su decisión está ligada al ámbito del manejo de un caso. En ese sentido, el foro de instancia es quien está en mejor posición para tomar las medidas que faciliten el adecuado curso del caso hacia su final disposición.

Ahora bien, debemos aclarar que el testimonio pericial está limitado a las controversias pendientes ante el foro primario. Sobre este particular, Mapfre nos indica que las materias sobre la cual se estará presentando prueba testifical en el juicio en su fondo sería sobre la reclamación de las propiedades objeto del *Special Condition Endorsement.* La Autoridad de Carreteras, por su parte, entiende que el perito debe atender las controversias de valores de las propiedades, que es lo único pendiente por resolver. Por consiguiente, queda aclarado que el ámbito del testimonio pericial es sobre la valoración de propiedades.

Los asuntos previamente evaluados y no permitidos quedan fuera del ámbito pericial. En especial no pueden cuestionar el proceso de la suscripción, redacción y la validez de la póliza, por tratarse de un asunto ya resuelto en la sentencia de un panel hermano en la causa KLCE202100414. En referida sentencia se determinó que "el lenguaje utilizado en la póliza de seguro y el endoso en controversia, es diáfanamente claro en cuanto a la voluntad de las partes".[12]

Salvo con la aclaración antes mencionada en cuanto al ámbito del testimonio pericial, no detectamos motivo alguno para

---

[12] KLCE202100414, pág. 16.

intervenir con el ejercicio de la discreción que ejerciera el TPI al autorizar al señor Tilden como perito.

**IV.**

Por las razones antes expresadas, expedimos el auto de *certiorari* y modificamos la *Resolución* recurrida a los únicos fines de aclarar la materia sobre la cual podrá declarar el Sr. Bryan Tilden.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones