Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| RAFAEL FUENTES CARDONA <br><br> *Apelado* <br><br><br> v. <br><br><br> **AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO; MAPFRE**; FULANO DE TAL; COMPAÑÍAS X, Y, Z <br><br> *Apelantes* | KLAN202300369 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón <br><br><br> Civil Núm.: BY2021CV02663 (503) <br><br><br> Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 31 de mayo de 2023.

Comparece la Autoridad de Acueductos y Alcantarillados (AAA) y Mapfre Praico Insurance Company (Mapfre) (en conjunto, apelantes) mediante recurso de *Apelación* y nos solicitan la revisión de la *Sentencia Parcial* emitida el 24 de marzo de 2023, notificada el 28 de marzo de 2023, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario). Mediante el referido dictamen, el TPI determinó que la AAA es responsable por los daños a la propiedad inmueble del señor Rafael Fuentes Cardona (señor Fuentes Cardona o apelado).

Por los fundamentos que exponemos a continuación, **confirmamos** el dictamen apelado.

## I.

El 9 de julio de 2021, el señor Fuentes Cardona presentó una *Demanda*[1] sobre daños y perjuicios en contra de las apelantes. En

---

[1] Véase apéndice del recurso, págs. 1-14.

Número Identificador
SEN2023_____

esta, alegó que es dueño de una propiedad inmueble ubicada en el municipio de Bayamón, Puerto Rico, la cual enclava una casa de concreto para uso residencial que constituía su vivienda principal. Adujo que su casa quedó en ruina total debido a la rotura de un tubo en la estación de bombas perteneciente a la AAA que ubica aproximadamente a unos 300 metros de la propiedad. Alegó que, a consecuencia de la escorrentía resultante del tubo roto y la negligencia de la AAA, su propiedad sufrió daños que requieren demoler la estructura, reacondicionar el terreno y reconstruir la vivienda. Solicitó como remedio la suma de $334,600.00, costas, intereses legales y honorarios de abogado por temeridad en una suma no menor de $90,000.00. El 10 de septiembre de 2021, las apelantes presentaron su *Contestación a Demanda*[2].

El 21 de diciembre de 2021, las partes presentaron el *Informe para el manejo de caso*[3]. Atendido el informe, el 5 de enero de 2022, notificada el 10 de enero de 2022, el foro primario emitió una *Orden*[4] en la que les concedió a las partes hasta el 31 de marzo de 2022 para informar el estado del descubrimiento de prueba. Además, advirtió que las partes debían especificar los asuntos y requerimientos pendientes, así como las fechas de entrega. Por último, ordenó informar si las partes tomarían deposiciones y las fechas en que se realizarían.

El 13 de enero de 2022, el apelado informó al TPI que había cursado a la AAA un pliego de interrogatorio y producción de documentos, así como un requerimiento de admisiones. Asimismo, indicó que a Mapfre le cursó un pliego de interrogatorio y requerimiento de producción de documentos[5].

---

[2] Véase apéndice del recurso, págs. 15-23.
[3] Véase apéndice del recurso, págs. 24-32.
[4] Véase apéndice del recurso, pág. 33.
[5] Véase apéndice del recurso, pág. 34.

El 3 de febrero de 2022, las apelantes presentaron una *Moción de Prórroga*[6] en la que solicitaron que se les concediera hasta el 28 de febrero de 2022 para notificar sus contestaciones al descubrimiento de prueba cursado por el apelado. El 4 de febrero de 2022, el foro primario concedió la solicitud de prórroga[7].

El 25 de mayo de 2022, el apelado presentó una *Solicitud de Sentencia Sumaria Parcial*[8] mediante la cual adujo que no existía controversia en cuanto a los hechos sustanciales y materiales de la reclamación. Sostuvo que los <u>requerimientos de admisiones cursados el 13 de enero de 2022 a la AAA debían darse por admitidos debido a que habían transcurrido ciento treinta y un (131) días y aún no habían sido contestados</u>. Además, solicitó que se declara ha lugar la demanda y se ordenara la celebración de una vista evidenciaria para determinar la cuantía de los daños.

El 26 de junio de 2022, notificada al día siguiente, el TPI emitió una *Notificación*[9] en la que consignó que mediante orden emitida el 5 de enero de 2022, se les concedió a las partes hasta el 31 de marzo de 2022 para informar el estado del descubrimiento de prueba y estas no cumplieron. En consecuencia, el foro primario dio por concluido el descubrimiento de prueba. En esta misma fecha, el TPI les concedió a las apelantes hasta el 31 de julio de 2022 para replicar a la solicitud de sentencia sumaria[10].

En desacuerdo, el 27 de junio de 2022, el apelado presentó una *Solicitud de Reconsideración*[11]. En esta, adujo que las apelantes debieron replicar a la solicitud de sentencia sumaria en o antes del 14 de junio de 2022, pero no lo hicieron. Sobre ello, arguyó que las apelantes no habían presentado las contestaciones al

---

[6] Véase apéndice del recurso, págs. 35-36.
[7] Véase apéndice del recurso, pág. 37.
[8] Véase apéndice del recurso, págs. 38-47.
[9] Véase apéndice del recurso, pág. 48.
[10] Véase apéndice del recurso, pág. 49.
[11] Véase apéndice del recurso, págs. 50-51.

descubrimiento de prueba cursado ni provisto información o documento alguno, por lo que dar por concluido el descubrimiento de prueba les proveería una ventaja indebida a las apelantes. El 11 de julio de 2022, el TPI le concedió cinco (5) días a las apelantes para replicar y les apercibió que, de no hacerlo, acogería la solicitud del señor Fuentes Cardona[12].

Inconformes, el 12 de julio de 2022, las apelantes presentaron una *Moción de reconsideración sobre terminación del descubrimiento de prueba*[13]. En esencia, alegaron que les resultó imposible concluir oportunamente su investigación sobre los hechos alegados en la demanda y presentar sus contestaciones al descubrimiento de prueba. Por ello, solicitaron hasta el 15 de julio de 2022 para cumplir con el descubrimiento de prueba que se les ha requerido y, además, solicitaron hasta esta fecha para replicar a la solicitud de reconsideración presentada por el apelado.

El 15 de julio de 2022, las apelantes presentaron *Moción al Expediente* mediante la cual notificaron haber enviado al apelado sus contestaciones a interrogatorios y requerimientos de admisiones. En esta misma fecha presentaron *Réplica a Solicitud de Sentencia Sumaria Parcial*[14].

Por su parte, el 18 de julio de 2022, el apelado se opuso a la solicitud de reconsideración presentada por las apelantes[15]. Sostuvo que las apelantes presentaron sus contestaciones al descubrimiento de prueba **ciento cuarenta (140) días después** de transcurrido el término concedido por el tribunal. <u>Asimismo, adujo que las excusas presentadas por las apelantes no justificaban su incumplimiento.</u> En cuanto al requerimiento de admisiones, alegó que, según la Regla 33 de Procedimiento Civil[16], procedía que se dieran por admitidas.

---

[12] Véase apéndice del recurso, pág. 52.
[13] Véase apéndice del recurso, págs. 53-54.
[14] Véase apéndice del recurso, págs. 57-84.
[15] Véase apéndice del recurso, págs. 85-88.
[16] 32 LPRA Ap. V, R. 33.

Evaluada la moción de reconsideración presentada por las apelantes, el 29 de julio de 2022, el TPI la declaró *No Ha Lugar* y sostuvo su determinación sobre la terminación del descubrimiento de prueba[17]. Además, en esa misma fecha, admitió la réplica tardía presentada por las apelantes[18].

Inconforme con esta última determinación, el apelado presentó una *Solicitud de Reconsideración* en la que pidió que la solicitud de sentencia sumaria fuera sometida sin la oposición[19]. En atención a ello, el 16 de agosto de 2022, notificada al día siguiente, el TPI determinó como sigue:

[…]

1. El descubrimiento de prueba concluyó el 26 de junio de 2022 según les fuera notificado y reiterado.

2. **La contestación de la AAA a los requerimientos de prueba cursados por la parte demandante informados mediante moción del 15 de julio de 2022 "fueron tardíos y posteriores a que el tribunal diera por concluido el descubrimiento de prueba**". El tribunal se sostiene que se tienen por admitidas los requerimientos de admisiones cursados por la parte demandante.

3. Conforme con la jurisprudencia vigente, el tribunal se sostiene en su "ruling": habiéndose presentado réplica a solicitud de sentencia sumaria el tribunal tiene por sometido para estudio tanto la solicitud de sentencia sumaria como su réplica[20].

Así las cosas, el 24 de marzo de 2023, notificada el 28 de marzo de 2023, el TPI emitió *Sentencia Parcial*[21] mediante la cual determinó que la AAA es responsable por los daños a la propiedad inmueble del señor Fuentes Cardona y, en consecuencia, solo queda por determinar los daños a los que tiene derecho reclamar el apelado. En específico, el foro primario concluyó lo siguiente:

> De los hechos queda más que claro que la AAA no contestó el requerimiento de admisiones a tiempo. Esto no lo niega la AAA su único argumento es que el tribunal tiene la potestad de permitir enmendar o negar las admisiones. Sin embargo, la AAA no expone razón ni presenta prueba alguna que demuestre que el acoger el requerimiento de admisiones

---

[17] Véase apéndice del recurso, pág. 90.
[18] Véase apéndice del recurso, pág. 91.
[19] Véase apéndice del recurso, págs. 92-93.
[20] Véase apéndice del recurso, pág. 94.
[21] Véase apéndice del recurso, págs. 96-105.

cause una injusticia o viole alguna ley, meramente la AAA alega que tenemos potestad para dejar sin efecto el requerimiento de admisiones. [...] En otras palabras, la mera negación de las admisiones ya dadas por admitidas, no son suficientes para hacerle creer a este tribunal que es necesario dejar sin efecto su resolución de tener por admitido el requerimiento de admisiones. En consecuencia, nos volvemos a reiterar que se tiene por admitido todo lo presentado por el señor Fuentes en su requerimiento de admisiones y por tanto es la AAA la responsable por los daños sufridos al bien inmueble que le pertenece a este demandante[22].

Aún inconforme, el 27 de abril de 2023, las apelantes acuden ante nos mediante recurso de *Apelación* y le imputan al TPI la comisión de los siguientes señalamientos de error:

Erró el TPI y abusó de su discreción al dar por culminado el descubrimiento de prueba interesado por las apelantes.

Erró el TPI y abusó de su discreción al dar por admitidos los requerimientos notificados por la parte apelada o, en la alternativa, al no relevar a la AAA de tales admisiones.

Erró el TPI y abusó de su discreción al emitir la sentencia sumaria parcial solicitada por la parte apelada basada en los hechos dados por admitidos por no presentar la AAA oportunamente su contestación al pliego de requerimiento de admisiones y no considerar como hecho en controversia los expuestos por las apelantes en su Réplica a solicitud de sentencia sumaria parcial.

El 11 de mayo de 2023, el señor Fuentes Cardona compareció mediante *Oposición a Recurso de Apelación* en la que reiteró sus planteamientos. Con el beneficio de la comparecencia de las partes, procedemos a exponer el derecho aplicable a la controversia que nos ocupa.

**II.**

**-A-**

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional que sólo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[23]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

---

[22] Véase apéndice del recurso, pág. 104.
[23] *Maldonado v. Cruz.*, 161 DPR 1, 39, (2004).

(1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;

(2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[24].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando existan hechos materiales y esenciales controvertidos; cuando haya alegaciones afirmativas en la demanda que no han sido refutadas; cuando surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o cuando como cuestión de derecho, no procede[25]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[26].

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[27]. Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[28].

Los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra*;

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

---

[24] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).
[25] *Íd.*, págs. 333-334.
[26] *Maldonado v. Cruz, supra.*
[27] *Íd.*, pág. 334.
[28] *Íd.*

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[29].

**-B-**

Reconocemos que los Tribunales de Primera Instancia tienen una gran discreción en el manejo de los procedimientos celebrados en sus salas. En su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces[30]. En el ámbito del desempeño judicial, la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho; ciertamente, esto constituiría un abuso de discreción. La discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera[31]. Tal conclusión justiciera deberá estar avalada por el convencimiento del juzgador de que la decisión tomada se sostiene en el estado de derecho aplicable a la cuestión planteada. Ese ejercicio constituye "la razonabilidad" de la sana discreción judicial[32].

En el contexto de esa doctrina, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Instancia, salvo en caso de "un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial"[33].

---

[29] *Roldan Flores v. M Cuebas*, 199 DPR 664, 679 (2018).
[30] *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981).
[31] *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657-658 (1997).
[32] *Negrón v. Srio. De Justicia,* 154 DPR 79, 91 (2001).
[33] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

**-C-**

Nuestras Reglas de Procedimiento Civil[34], establecen varios mecanismos para permitir a las partes descubrir, obtener o perpetuar la prueba necesaria para sustanciar sus alegaciones en el acto del juicio. Estos mecanismos están basados en el principio básico de que, antes del juicio, las partes tienen derecho a descubrir toda la información relacionada con su caso, independientemente de quién la posea[35].

Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. En esencia, su finalidad es permitir que las partes puedan prepararse para el juicio, de forma tal que tengan la oportunidad de obtener la evidencia necesaria para evaluar y resolver las controversias del caso[36].

En múltiples ocasiones se ha establecido que dicho mecanismo de descubrimiento de prueba debe ser uno amplio y liberal, de manera que se logren soluciones justas, rápidas y económicas a las controversias existentes entre las partes [37]. No obstante, la flexibilización de este procedimiento no implica que el mismo sea uno ilimitado[38]. El Tribunal de Primera Instancia tiene amplia discreción para pautar el procedimiento sobre el descubrimiento de prueba que se va a seguir[39]. En consideración a lo anterior, el tribunal viene obligado a cumplir con la máxima de

---

[34] 32 LPRA Ap. V.

[35] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000), citando a: J.A. Cuevas Segarra, Práctica Procesal Puertorriqueña: Procedimiento Civil, San Juan, Pubs. J.T.S., 1985, Vol. II, pág. 123.

[36] *Rivera y otros v. Bco. Popular,* supra, págs. 151-152.

[37] *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); *Berríos Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *Lluch v. España Service Sta.*, 117 DPR 729, 744 (1986).

[38] *Alfonso Bru v. Trane Export*, 155 DPR 158, 167-168 (2001).

[39] *Berríos Falcón v. Torres Merced*, supra, pág. 971; *Vellón v. Squibb Mfg., Inc.,* 117 DPR 838, 849 (1986).

llevar a cabo un proceso justo para las partes, asumiendo un rol activo en el mismo y como tal tiene discreción para limitar o extender el alcance para descubrir prueba[40].

**-D-**

El requerimiento de admisiones o autenticidad de documentos es un escrito que una parte le dirige a otra para que admita la certeza de ciertos hechos o la autenticidad de ciertos documentos[41]. Según comenta el tratadista J. Cuevas Segarra, *"[e]ste es un mecanismo sencillo y económico, de excepcional utilidad en la práctica contenciosa"*[42]. Aunque la jurisprudencia considera que el requerimiento de admisiones no es propiamente un mecanismo de descubrimiento de prueba, [citas omitidas], ciertamente es un instrumento eficaz para delimitar las controversias y para lograr admisiones que acorten la audiencia y eviten gastos innecesarios con las admisiones que son admisibles en evidencia[43].

Ahora bien, el requerimiento de admisiones está regulado por la Regla 33 de Procedimiento Civil[44], que dispone:

> Todas **las cuestiones sobre las cuales se solicite una admisión se tendrán por admitidas, a menos que dentro de los veinte (20) días de haberle sido notificado el requerimiento, o dentro del término que el tribunal concediese mediante moción y notificación, la parte a quien se le notifique el requerimiento le notifica a la parte que requiere la admisión, una contestación suscrita bajo juramento por la parte o una objeción escrita sobre la materia.** A menos que el tribunal acorte el término, una parte demandada no estará obligada a notificar contestaciones u objeciones antes de transcurridos veinte (20) días a partir de haberle sido entregada copia de la demanda y el emplazamiento, debiéndose en este caso apercibirle en el requerimiento que de no contestarlo en el término dispuesto se entenderá admitido. (Énfasis nuestro).

Si la parte a quien se le notificó no cumple con en el término antes señalado, *"las cuestiones sobre las cuales se solicitó la*

---

[40] 32 LPRA Ap. V, R. 34.3.
[41] *R. Hernández Colón, Derecho Procesal Civil, 6ta ed., San Juan, LEXISNEXIS DE PUERTO RICO, INC., 2017, pág. 369.*
[42] *J. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da. Ed., Estados Unidos de Norte América, Publicaciones JTS, 2011, Tomo III, pág. 1000.*
[43] *Íd.*, pág. 1001.
[44] 32 LPRA Ap. V, R. 33.

*admisión, automáticamente se tendrán por admitidas"*[45]. Igualmente, señala el profesor R. Hernández Colón, que al recibir el requerimiento la parte puede:

> No hacer nada: En ese caso, expirado el término de 20 días de la regla, o el concedido, se tendrán por admitidos los hechos o la autenticidad de los documentos. En otras palabras, para que se tengan por admitidos los hechos no es necesario que la parte contraria haga algo; no tiene que presentar una contestación[46].

Por lo tanto, la admisión de un requerimiento se considerará definitiva, salvo que el tribunal permita su retiro o una enmienda a ésta[47]. Por otra parte, nuestro Tribunal Supremo ha declarado que en "el ejercicio de su discreción el tribunal debe interpretar la regla de forma flexible favoreciendo, en los casos apropiados, que el conflicto se dilucide en los méritos"[48].

Finalmente, al examinar la naturaleza jurídica referente a la objeción del requerimiento de admisiones, el tratadista J. Cuevas Segarra, afirma:

> Para impugnar requerimientos de admisiones es imprescindible exponer objeciones en forma precisa y específica, ya que la carga de persuasión en cuanto a la validez de éstos recae sobre la parte objetante, pero antes de acudir al tribunal con objeciones formales, la parte objetante debe intentar de buena fe de manera extrajudicial de resolver la controversia al amparo de la Regla 34.1. Sólo así y acompañando la moción con una certificación particularizada de los esfuerzos razonables para llegar a un acuerdo con el abogado de la parte adversa, es que procedería interponer la moción cuestionando las contestaciones a los requerimientos de admisiones o las objeciones al requerimiento formulado. En tal caso, debe relacionarse en la moción por separado el requerimiento, su contestación y la base para su impugnación. A menos que el tribunal determine que una objeción al requerimiento está justificada, ordenará que se conteste lo requerido[49].

### III.

Mediante el primer señalamiento de error, las apelantes aducen que el foro primario incidió al dar por culminado el descubrimiento de prueba. Señalan que el no poder completar el

---

[45] *Rivera Prudencio v. Mun. de San Juan,* 170 DPR 149, 172 (2007).

[46] *R. Hernández Colón, op. cit.,* pág. 370.

[47] *Rivera Prudencio v. Mun. de San Juan, supra,* pág.171.

[48] *Audiovisual Lang. v. Sist. Est. Natal Hnos.,* 144 DPR 563, 574 (1997).

[49] *J. Cuevas Segarra, op. cit.,* pág. 1002.

descubrimiento de prueba los coloca en un estado de indefensión y les priva de su derecho a un debido proceso de ley.

Según surge de los hechos de este caso, el 9 de julio de 2021, el señor Fuentes Cardona presentó la *Demanda*[50] en contra de las apelantes. Luego de varios trámites procesales, el 5 de enero de 2022, notificada el 10 de enero de 2022, el foro primario emitió una *Orden*[51] en la que les concedió a las partes hasta el 31 de marzo de 2022 para informar el estado del descubrimiento de prueba. No obstante, las partes incumplieron con lo ordenado. En consecuencia, el 26 de junio de 2022, notificada al día siguiente, el TPI dio por concluido el descubrimiento de prueba.

Tras analizar detenidamente el expediente apelativo y los argumentos de las partes, concluimos que las apelantes tuvieron suficiente tiempo para llevar a cabo un descubrimiento de prueba adecuado, pero optaron por no hacerlo. Incluso, nunca informaron al foro primario sobre el estado del descubrimiento de prueba. No fue hasta el 12 de julio de 2022, después de que el TPI dio por concluido el descubrimiento de prueba, que las apelantes indicaron que les resultó imposible concluir oportunamente su investigación sobre los hechos alegados en la demanda y presentar sus contestaciones a los mecanismos de descubrimiento de prueba.

No cabe duda de que los tribunales conservan amplia discreción para regular el descubrimiento de prueba y así poder cumplir con su obligación de "garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes"[52]. Además, las apelantes no han demostrado que el foro primario obrara mediando prejuicio, parcialidad o un error craso y manifiesto. Por lo cual, no procede nuestra intervención con el

---

[50] Véase apéndice del recurso, págs. 1-14.
[51] Véase apéndice del recurso, pág. 33.
[52] *Martínez Rivera v. Tribunal Superior*, 85 DPR 1, 13 (1962).

manejo del caso y la determinación del TPI. En consecuencia, el primer señalamiento de error no se cometió.

En su segundo señalamiento de error, las apelantes arguyen que erró el TPI y abusó de su discreción al dar por admitidos los requerimientos notificados por el apelado o, en la alternativa, al no relevar a la AAA de tales admisiones. Argumentan, que la Regla 33(b) de Procedimiento Civil, *supra*, permite al tribunal sentenciador retirar o enmendar admisiones.

En el presente caso, el **13 de enero de 2022**, el apelado informó al TPI que había cursado a la AAA un pliego de interrogatorio y producción de documentos, así como un requerimiento de admisiones. Luego, el 3 de febrero de 2022, las apelantes presentaron una *Moción de Prórroga*[53] para notificar sus contestaciones al descubrimiento de prueba y el foro primario concedió hasta el 28 de febrero de 2022. Sin embargo, no fue hasta el **15 de julio de 2022** que estas notificaron haber enviado al apelado sus contestaciones a interrogatorios y requerimientos de admisiones. **Nótese, que a esa fecha, habían transcurrido más de seis (6) meses desde que el apelado cursó los mecanismos de descubrimiento de prueba a las apelantes**.

Conforme al derecho antes expuesto, la parte a quien se le cursa un requerimiento de admisiones deberá presentar su contestación u objeción escrita dentro del término de veinte (20) días de haberle sido notificado el requerimiento. En el caso que nos ocupa, las apelantes fueron debidamente notificadas del requerimiento de admisiones. Sin embargo, aunque el TPI les concedió una prórroga para presentar sus contestaciones, éstas comparecieron ciento treinta y siete (137) días después de expirada la prórroga. Cabe señalar que las apelantes tampoco presentaron

---

[53] Véase apéndice del recurso, págs. 35-36.

una solicitud de término adicional para contestar. Por tanto, procedía dar por admitido el requerimiento de admisiones cuando expiró el término para contestarlo u objetarlo.

Por otro lado, ciertamente, la Regla 33(b) de Procedimiento Civil, *supra*, permite al foro primario retirar o enmendar admisiones cuando ello contribuye a la disposición del caso en sus méritos o cuando existe causa justificada para la tardanza. Colegimos que en el presente caso no se demostró una causa justificada para la excesiva tardanza en presentar las contestaciones al requerimiento de admisiones cursado por el apelado. Por tanto, el segundo señalamiento de error no se cometió.

Por último, en el tercer señalamiento de error las apelantes afirman que el foro primario erró al emitir la sentencia sumaria parcial solicitada por el apelado basada en los hechos dados por admitidos por no presentar la AAA oportunamente su contestación al pliego de requerimiento de admisiones y no considerar como hecho en controversia los expuesto por las apelantes en su réplica a solicitud de sentencia sumaria parcial.

Como indicamos, el mecanismo de sentencia sumaria es uno discrecional en el cual el tribunal, una vez determina que no existe una controversia genuina de hechos que tenga que ser dirimida en vista evidenciaria y que lo único que falta es aplicar el derecho, procederá entonces a dictar la sentencia solicitada. Al estar este foro revisor en la misma posición que el TPI para adjudicar solicitudes de sentencia sumaria, es nuestra obligación indagar y examinar si en realidad existen controversias de hechos materiales. Dicho proceso de revisión nos lleva a examinar *de novo* la *Solicitud de Sentencia Sumaria Parcial* presentada por el apelado, así como la *Réplica a Solicitud de Sentencia Sumaria Parcial* presentada por las apelantes.

Es preciso señalar que, conforme a lo resuelto por nuestro Tribunal Supremo en *Audiovisual Lang v. Sist. Est. Natal Hnos.*, *supra*, la Regla 33 de Procedimiento Civil, *supra,* permite utilizar los hechos admitidos en requerimiento de admisiones como base para una moción de sentencia sumaria. Por tanto, el TPI tenía que considerar los hechos admitidos mediante el requerimiento de admisiones, al evaluar la procedencia de la moción de sentencia sumaria presentada por el apelado.

De nuestra revisión *de novo* y el análisis realizado, conforme a lo dispuesto en la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa, podemos colegir que los hechos materiales incontrovertidos esbozados por el foro primario en su *Sentencia Parcial* encuentran apoyo en las admisiones de las apelantes. Por tanto, determinamos que el tercer señalamiento de error tampoco fue cometido. En consecuencia, confirmamos la *Sentencia Parcial* emitida por el foro primario.

**IV.**

Por los fundamentos antes expuestos, **confirmamos** la *Sentencia Parcial* apelada. Se devuelve el caso al TPI para la celebración de una vista a los fines de determinar los daños a los que tiene derecho el señor Fuentes Cardona.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones