| | | |
|---|---|---|
| **ALCIDES RIOS JORDAN, SUCN**<br><br>Recurridos<br><br>v.<br><br>**RIOS JORDAN, JAVIER**<br><br>Peticionario | KLCE202400667 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>**Caso Núm.:**<br>L CD2015-0052<br><br>**Sobre:**<br>Cobro de Dinero |
| | CONSOLIDADO CON: | |
| **ALCIDES RIOS JORDAN, SUCN**<br><br>Recurridos<br><br>v.<br><br>**RIOS JORDAN, JAVIER**<br><br>Demandada-peticionaria<br><br>**ANTONIA JORDAN MALDONADO**<br>Interventora-Demandante Peticionaria | KLCE202400732 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>**Caso Núm.:**<br>L CD2015-0052<br><br>**Sobre:**<br>Cobro de Dinero |

Panel integrado por su presidenta la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece ante nos, Javier Ríos Jordán, Luz Díaz Sepúlveda y la Sociedad de Bienes Gananciales compuesta por ambos, en adelante, SBG Ríos-Díaz, solicitando que revisemos la *"Orden"* notificada el 10 de mayo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Utuado, en adelante, TPI-Utuado. En la

misma, el Foro Recurrido *dio por terminado el descubrimiento de prueba* en el caso de epígrafe.

Por su parte, Antonia Jordán Maldonado, en adelante, Jordán Maldonado, quien es parte interventora-demandante en el caso de autos, recurre ante esta Curia impugnando la misma determinación del TPI-Utuado.

Por estar vinculados entre sí, y recurrir del mismo dictamen, *consolidamos ambos recursos apelativos*. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 406, 416 (2009).

Conforme a los fundamentos que expondremos a continuación, *denegamos* la expedición de los recursos de *"Certiorari"*.

## I.

Según surge de los escritos ante nuestra consideración, esta causa de acción en cobro de dinero se ha estado litigando desde el año 2015. La disputa original no forma parte de la controversia que en este caso nos ocupa. Sin embargo, para poder entender los eventos y las partes del caso, es importante repasar los siguientes hechos, según surgen de los recursos presentados:

1. Alcides Ríos Nieves y Antonia Jordán Maldonado son los padres de Javier y Alcides Ríos Jordán.
2. Alcides Ríos Nieves falleció previo al comienzo de la demanda original.
3. Entre los acuerdos de la liquidación del caudal relicto de Alcides Ríos Nieves, se le otorgó a Antonia Jordán Maldonado un usufructo vidual.
4. El 15 de noviembre de 2015, Alcides Ríos Jordán demandó a Javier Ríos Jordán, para la devolución de un dinero. Su madre, Antonia Jordán Maldonado, se convirtió en parte interventora del mismo, en defensa del usufructo que le corresponde.
5. En su demanda, Alcides Ríos Jordán alegó que Javier Ríos Jordán se apropió indebidamente de un dinero producto del negocio "Beneficiado de Café Ríos", el cual

fue establecido por Alcides Ríos Nieves y su esposa, Antonia Jordán Maldonado.

6. El 13 de noviembre de 2018, Antonia Jordán Maldonado solicitó intervenir en el pleito.

7. El 23 de junio de 2023, Alcides Ríos Jordán falleció.

8. El 15 agosto de 2023, el Foro Recurrido ordenó la sustitución de parte a los herederos de Alcides Ríos Jordán.

El 19 de octubre de 2023, la SBG Ríos-Díaz presentó una moción para la sustitución de parte por muerte.[1] Mediante *"Resolución y Orden"* del 14 de diciembre de 2023, el TPI-Utuado declaró "Ha Lugar" la sustitución, y señaló vista para el 19 de enero de 2024.[2] Este día, se celebró una Conferencia de Estatus.[3] En la misma, se discutieron varios asuntos y mociones no atendidas, que han detenido el curso del pleito. Además, se discutieron asuntos sobre el descubrimiento de prueba. De la *"Minuta Resolución"* de esta vista, surge que el Foro Primario, entre otras cosas, concedió a las partes hasta el 9 de febrero de 2024 para informar por escrito aquello que quede pendiente sobre el descubrimiento de prueba.[4] Además, estableció que la deposición de Jordán Maldonado sería tomada el 12 de abril de 2024.[5]

Ante el incumplimiento de las partes a lo dispuesto por el TPI-Utuado en su orden del 19 de enero de 2024, el Foro Recurrido notificó una *"Orden"* el 10 de mayo de 2024, en la que dio por terminado el descubrimiento de prueba en el caso de marras.[6] Además, dispuso que solo "está pendiente la deposición de la parte interventora para efectos de preservar el testimonio, y la vista evidenciaría para determinar si la parte tercera demandada cumplió

---

[1] Apéndice del recurso KLCE20240667, pág. 60.
[2] *Id.* pág. 65.
[3] *Id.* pág. 85.
[4] *Id.* pág. 87.
[5] *Id.*
[6] *Id.* pág. 1.

con los requisitos de contestar interrogatorio de la parte demandada".[7]

El 15 de mayo de 2024, la SBG Ríos-Díaz presentó una solicitud de reconsideración.[8] La misma fue declarada "No Ha Lugar" el 16 de mayo de 2024. Por su parte, el 17 de mayo de 2024, Jordán Maldonado presentó otra moción, solicitando que el Foro Recurrido reconsiderara. El TPI-Utuado también declaró esta "No Ha Lugar", el 3 de junio de 2024.

Inconforme, el 17 de junio de 2024, la SBG Ríos-Díaz recurrió ante nos mediante un recurso de *"Certiorari"*, haciendo el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR DAR POR CULMINADO EL DESCUBRIMIENTO DE PRUEBA PENDIENTE EN CONTRA DE LA LEY DEL CASO, DE SUS PROPIAS DETERMINACIONES FINALES Y FIRMES, ABUSANDO DE SU DISCRECIÓN, ERRANDO EN LA APLICACIÓN DE LA NORMA Y VIOLANDO EL DEBIDO PROCESO DE LEY.

Por otro lado, Jordán Maldonado presentó su recurso de *"Certiorari"* ante este Tribunal el 3 de julio de 2024. En su escrito, presentó el siguiente error:

> COMETIÓ GRAVE ERROR DE DERECHO, ASÍ COMO ABUSO DE SU DISCRECIÓN EL TPI AL SUA SPONTE DAR POR TERMINADO TODO EL DESCUBRIMIENTO DE PRUEBA EN EL CASO AFECTANDO ASÍ EL CONCLUIR O TERMINAR LA DEPOSICIÓN DE LOS DEMANDANTES COMENZADA POR ESTA PARTE INTERVENTORA, A PESAR DE LAS MÚLTIPLES CONTROVERSIAS JUDICIALES HABIDAS EN EL MISMO, UN RECURSO ANTE ESTE FORO INTERMEDIO, RENUNCIAS DE ABOGADO (3) Y SUSTITUCIÓN DE JUECES (2), LO CUAL SURGE AMPLIAMENTE DEL EXPEDIENTE Y QUE LE FUE SEÑALADO POR LAS PARTES EN LA VISTA DEL 9 DE ENERO DE 2024, QUE ESTABA PENDIENTE DE FINALIZAR DICHA DEPOSICIÓN.

---

[7] Apéndice del recurso KLCE20240667, pág. 2.
[8] *Id.* pág. 24.

Mediante *"Resolución"* del 20 de junio de 2024, concedimos diez (10) días a la Sucesión de Alcides Ríos Jordán, quienes son los recurridos, a expresarse sobre el recurso presentado por la SBG Ríos-Díaz. Posteriormente, el 16 de agosto de 2024, mediante *"Resolución"*, este Tribunal consolidó los recursos precitados. *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 406, 416 (2009).

Vencido el término dispuesto para que los recurridos se expresaran, sin que estos comparecieran, damos por perfeccionados los recursos y procedemos a expresarnos.

## II.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de

relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 209; *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez,* supra. La precitada Regla dispone lo siguiente:

El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante, por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o

aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Finalmente, precisa señalar que la denegatoria a expedir un recurso discrecional no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Al contrario, responde a la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martinez v. Torres Ghigliotty*, supra, pág. 98.

## III.

Los peticionarios en este caso recurren del mismo dictamen, y plantean el mismo error. Arguyen que el Foro Recurrido se equivocó al dar por terminado el descubrimiento de prueba. Sin embargo, colegimos que esta Curia no debe intervenir con la *"Orden"* recurrida.

Luego de un examen sosegado del expediente ante nos, y conforme a la norma que nos obliga a determinar nuestra facultad de evaluar un recurso de *"Certiorari"*, nos vemos impedidos de expedir el recurso. *La controversia planteada responde a un proceso de descubrir prueba.* Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, supra y los criterios evaluativos de la Regla 40 de nuestro Reglamento, supra, estamos impedidos de entrar en los méritos de la polémica ante nos, si no se demuestra fracaso irremediable de la justicia. Este Tribunal ha evaluado detenidamente el expediente y el tracto procesal del caso de epígrafe, y no encontramos razón en derecho que justifique nuestra

intervención. Ello, nos hace concluir que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna.

**IV.**

Por los fundamentos antes expuestos, *denegamos el auto solicitado.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Grana Martínez disiente con opinión escrita.


LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| **ALCIDES RIOS JORDAN, SUCN**<br><br>Recurridos<br><br>v.<br><br>**RIOS JORDAN, JAVIER**<br><br>Peticionario | | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>**Caso Núm.:**<br>L CD2015-0052<br><br>**Sobre:**<br>Cobro de Dinero |
| **ALCIDES RIOS JORDAN, SUCN**<br><br>Recurridos<br><br>v.<br><br>**RIOS JORDAN, JAVIER**<br><br>Demandada-peticionaria<br><br>**ANTONIA JORDAN MALDONADO**<br>Interventora-Demandante Peticionaria | KLCE202400667 CONSOLIDADO CON: KLCE202400732 | **CERTIORARI**<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>**Caso Núm.:**<br>L CD2015-0052<br><br>**Sobre:**<br>Cobro de Dinero |

Panel integrado por su presidenta la Jueza Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

**VOTO DISIDENTE DE LA JUEZA GRANA MARTÍNEZ**

Los Demandados reconvinientes plantean en el recurso KLCE202400667 que el Tribunal de Primera Instancia, mediante su determinación, se ha desentendido de las constancias del expediente judicial del cual surgen con claridad que existe descubrimiento de prueba pendiente. Puntualizan que el descubrimiento de prueba pendiente, no se ha podido llevar a cabo por razones ajenas a su voluntad, específicamente, por haber sido diferido por un juez distinto previamente asignado al caso entre las partes. Recalcan que el descubrimiento de prueba es esencial para poderse defender de la reclamación incoada en su contra.



Sostiene que ha procurado obtener una respuesta clara a un pliego de interrogatorio cursado a la tercera demandada, hija de los demandantes. Así señala que existen un sinnúmero de escritos y mociones presentadas al respecto, de las que se deriva el hecho de que, la parte compareciente ha procurado obtener una prueba esencial para prepararse adecuadamente en la presentación y defensa de su caso. Afirma que la celebración de la vista evidenciaria se había calendarizado para dilucidar la validez de la firma en los interrogatorios por parte de la tercera demandada. Y que una vez esto se aclarara se atendería la controversia sobre la validez de las contestaciones al interrogatorio. Reclama que lo anterior, según ordenado por el Honorable Juez Vance Thomas, es una determinación judicial previa, final y firme que se constituyó en la ley del caso y la tercera demandada no puede volver a litigar el mismo asunto, aprovechando la particular tesitura del cambio de juez que preside el procedimiento, para lograr desvincularse de su deber legal de producir la prueba requerida mediante el interrogatorio que, a la sazón, no ha sido entregado ni producido, ni al rigor de la vista evidenciaria que se determinó pautar, previo a que el tribunal pudiera siquiera adjudicar las objeciones levantadas a las respuestas ofrecidas.

He repasado el voluminoso expediente del foro apelado, relacionado con las alegaciones del peticionario y precisa detallar ciertos hechos. El 11 de junio de 2019, los peticionarios notificaron un interrogatorio a la tercera demandada. El 29 de julio de 2019, esta última contestó el mismo. Inconforme con las contestaciones brindadas, el 29 de enero de 2020, los peticionarios presentaron una *Moción al amparo de la Regla 34 de Procedimiento Civil*[1], 32 LPRA Ap. V. Alegaron que la tercera demandada no contestó



---

[1] Controversias en torno al descubrimiento; negativa a descubrir lo solicitado y sus consecuencias.

adecuadamente y necesitaban las contestaciones para la toma de deposiciones. El TPI ordenó a las partes reunirse. El 7 de agosto de 2020, los peticionarios presentaron idénticos reclamos, a través de la *Segunda moción al amparo de la Regla 34 de Procedimiento Civil.* Ante lo ocurrido, el 22 de septiembre de 2020, el foro apelado impone una sanción de cien dólares ($100.00) y especifica que de la manera que se presentó el juramento al interrogatorio no tiene constancia de que forme una unidad con las contestaciones. **Concede 20 días para subsanar dicho defecto de forma y precisa que, cumplida esa orden, entonces estará en posición de evaluar la suficiencia de las contestaciones.** Dicha determinación no fue cuestionada ante este foro. No obstante, por no lograr la respuesta a su reclamo, los demandados presentaron la tercera, cuarta, quinta y sexta moción al amparo de la Regla 34 de Procedimiento Civil, el 22 de octubre de 2020, 23 de noviembre de 2020, 23 de noviembre de 2020 y el 9 de diciembre de 2020, respectivamente. Entre las partes también se suscita una controversia con las contestaciones a cierto requerimiento de admisiones, que ocasiona que los peticionarios continúen solicitando el auxilio del tribunal, a través de mociones al amparo de la Regla 34 de Procedimiento Civil, *supra,* presentadas el 1 de febrero y 3 de marzo de 2021. De hecho, el 27 de enero de 2021, el foro impone una sanción de doscientos dólares ($200.00) y concede treinta (30) días para presentar las contestaciones, advirtiendo que de no hacerlo eliminaría las alegaciones. Mas tarde, el 21 de abril de 2021, el foro indica que las objeciones a las contestaciones del interrogatorio las estará trabajando del expediente. Así las cosas, el 29 de abril de 2021, el TPI concluye que no le eliminaría las alegaciones, pero cita a vista evidenciaria para el 22 de junio de 2021. A la vista señalada faltó la abogada de la tercera demandada, quien presentó su renuncia el 18 de mayo de 2022. No es hasta el 18 de enero de 2023, siete (7) meses



más tarde, que se presenta la nueva representación legal. De la Minuta del 19 de enero de 2023 surge que los peticionarios reiteran que todavía está pendiente el descubrimiento de prueba. El foro apelado dice que avaluará todo nuevamente y si esa parte estuvo representada por abogado y no se hizo porque no puso en condiciones al foro, no se permitirá. Finalmente, el 9 de mayo del año en curso, el foro primario da por terminado el descubrimiento de prueba. Añade que solo permitirá la deposición de la interventora y la vista evidenciaria para determinar si la tercera demandada cumplió con contestar el interrogatorio. Oportunamente se presenta reconsideración. El 31 de mayo, el TPI rechaza la reconsideración, compareciendo ante este foro oportunamente los peticionarios.

Con este tracto debemos considerar si el foro recurrido erró, al dar por terminado el descubrimiento de prueba, a pesar de las continuas objeciones a las contestaciones presentadas por los peticionarios y la orden de otro juez que intervino en el proceso.

Por su parte, en otro recurso relacionado que ha sido consolidado con el que nos ocupa, la Interventora reclama que el foro primario erró al *sua sponte* de dar por terminado todo el descubrimiento de prueba. Creo que sí.

Las normas de descubrimiento de prueba persiguen los siguientes propósitos: (1) precisar los asuntos en controversia; (2) obtener evidencia para ser utilizada en el juicio, evitando así sorpresas en esta etapa de los procedimientos; (3) facilitar la búsqueda de la verdad, y (4) perpetuar evidencia. Buscan que las partes cuenten con esa información necesaria en apoyo de sus posturas ante las controversias del caso. *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 152 (2000). Por tal razón, el Tribunal Supremo de Puerto Rico ha adoptado la política de que dicho proceso de descubrimiento debe ser amplio y liberal. Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194 (2023); Cruz Flores *et al.* v. Hosp.



Ryder *et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y Otros v. Bco. Popular*, supra; *Aponte v. Sears Roebuck P.R., Inc.*, 129 DPR 1042, 1049 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 743 (1986); *Ades v. Zalman*, 115 DPR 514, 518 (1984); *Rivera Alejandro v. Algarín*, 112 DPR 830, 834 (1982); *García Negrón v. Tribunal Superior*, 104 DPR 727, 738 (1976).

La intención es facilitar "la tramitación de los pleitos y evita[r] los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el día de la vista, las cuestiones y los hechos que en realidad son objeto del litigio". *Sierra v. Tribunal Superior*, 81 DPR 554, 560 (1959). Además, permite a las partes precisar con exactitud los hechos en controversia, pues en nuestro sistema procesal el propósito de la demanda es notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. *Rivera y Otros v. Bco. Popular*, supra, págs. 152-153. Solo se reconocen dos excepciones: que la información objeto del descubrimiento no sea privilegiada y que la misma sea pertinente a la controversia. *Ponce Adv. Med. v. Santiago González* et al., 197 DPR 891, 898-899 (2017); *Rivera y Otros v. Bco. Popular*, supra, pág. 153; *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 730–731 (1994); *Ortiz Rivera v. E.L.A., National Ins. Co.*, 125 DPR 65, 70 (1989); *General Electric v. Concessionaires, Inc.*, 118 DPR 32, 38–39 (1986).

Para dirimir las controversias en torno al descubrimiento de prueba, las Reglas de Procedimiento Civil disponen lo siguiente: cuando surja una controversia en torno al descubrimiento de prueba, el tribunal sólo considerará las mociones que contengan una certificación de la parte promovente en la que indique al tribunal en forma particularizada que ha realizado esfuerzos razonables, con prontitud y de buena fe, para tratar de llegar a un acuerdo con el abogado de la parte adversa para resolver los asuntos

que se plantean en la moción y que éstos han resultado infructuosos. 32 LPRA Ap. V, R. 34.1. La parte que somete un interrogatorio podrá objetar las contestaciones, sujeto a lo dispuesto en la regla antes citada.

Por otro lado, los tribunales de instancia tienen amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. *Rivera y Otros v. Bco. Popular*, supra, pág. 154; *Martínez Rivera v. Tribunal Superior*, 85 DPR 1, 13 (1962). Véanse, también: *Machado Maldonado v. Barranco Colón*, 119 DPR 563, 566 (1987); *Rivera v. Tribunal Superior*, 99 DPR 276, 278 (1970). De este modo, se elude la posibilidad de que cualquiera de las partes abuse de la utilización de los mecanismos del descubrimiento de prueba. Se trata de balancear el interés de la pronta adjudicación de las controversias presentadas ante el foro y de otra, velar por que las partes tengan la oportunidad de llevar a cabo un amplio descubrimiento, de forma tal que en la vista en su fondo no surjan sorpresas. *Rivera y Otros v. Bco. Popular*, supra, págs. 154-155; *Lluch v. España Service Sta.*, ante, págs. 742-743.

Los foros apelativos no intervendremos con las determinaciones discrecionales de los foros de instancia, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera y Otros v. Bco. Popular*, supra, pág.155; *Lluch v. España Service Sta.*, ante, pág. 745. No obstante, en aquellas ocasiones en que precise intervenir tendremos en consideración que el adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Rivera y Otros v. Bco. Popular*, supra, pág.155; *Pueblo v. Dávila Delgado*, 143 DPR 157, 171, esc. 15 (1997); *Pueblo*



*v. Ortega Santiago*, 125 DPR 203, 211 (1990); *Pueblo v. Sánchez González*, 90 DPR 197, 200 (1964).

Los foros primarios gozan de una gran discreción para dirigir el descubrimiento de prueba. *Cruz Flores et al. v. Hosp. Ryder et al.*, supra, pág. 496. No obstante, y como anticipara, tal discreción está atada a la razonabilidad de la determinación tomada. La razonabilidad es una forma de raciocinio judicial para llegar a una determinación justa. Es por tal razón, que disiento de la postura de la opinión mayoritaria.

Evade mi sentido de justicia, el penalizar a una parte que ha sido diligente en manifestar sus objeciones a la suficiencia de las contestaciones al interrogatorio en seis ocasiones, consistentemente, a través de los años; que dio por buena una determinación judicial de otro juez que dictaminó que, primero atendería la controversia sobre la firma en la contestación al interrogatorio y luego evaluaría la suficiencia de las alegaciones. Y que desde un principio manifestó que necesitaba las contestaciones precisas para llevar a cabo una deposición. Por tal razón, expediría para revocar al foro primario, únicamente a los efectos de permitirle a la parte peticionaria llevar a cabo la deposición, una vez se evalúe la suficiencia de las contestaciones al interrogatorio.

En San Juan, Puerto Rico, a 30 de octubre de 2024.

GRACE M. GRANA MARTÍNEZ
Jueza del Tribunal de Apelaciones